10-4996-ag
Wang v. Holder

BIA
Morace, IJ
A088 777 238

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of November, two thousand eleven.

PRESENT:
>    ROBERT D. SACK,
>    RICHARD C. WESLEY,
>    SUSAN L. CARNEY,
>        *Circuit Judges.*

_____

JIAN SHE WANG,
>        *Petitioner,*

>    v.                                    10-4996-ag
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:         Jian She Wang, *pro se*, Bayside, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; David V. Bernal, Assistant Director; Yedidya Cohen, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jian She Wang, a native and citizen of China, seeks review of a November 19, 2010, order of the BIA affirming the November 25, 2008, decision of Immigration Judge ("IJ") Philip L. Morace, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian She Wang*, No. A088 777 238 (B.I.A. Nov. 19, 2010), *aff'g* No. A088 777 238 (Immig. Ct. N.Y. City Nov. 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

We have reviewed the decision of the IJ as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

Under 8 U.S.C. § 1101(a)(42), an individual who was not personally subject to a forced abortion or sterilization may

2

still establish eligibility for asylum by showing that he engaged in "other resistance to a coercive population control program," and that, as a result of that resistance, he was persecuted. *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007)(en banc); *see also Matter of J-S-*, 24 I. & N. Dec. 520, 536-37 (A.G. 2008) (adopting the holding in *Shi Liang Lin*).

The agency reasonably concluded that any harm Wang suffered did not rise to the level of persecution. The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987); *accord Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 342 (2d Cir. 2006). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili*, 433 F.3d at 341. Here, the record shows that Wang was punched in the stomach three times by a police officer and detained for five hours, did not suffer any injury necessitating medical treatment, and did not suffer any harm while he was in detention other than that his "whole face was whitish."

3

Wang presented no evidence that he suffered any additional harm after his detention, and, in fact, testified that he remained at his place of employment and was sent to the United States on a conference for work. Accordingly, the agency properly concluded that the harm suffered did not constitute persecution. *See Jian Qiu Lin v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (explaining that "a beating that occurs within the context of an arrest or detention [does not] constitute[] persecution *per se*"); *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive.").

Because the agency properly concluded that Wang did not suffer past persecution, he is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 208.13(b)(1). Because Wang's claim of possible sterilization relies mainly upon past harm, the agency reasonably concluded that he failed to meet his burden of establishing a well-founded fear of future persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (concluding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Because Wang

did not demonstrate past persecution, or a well-founded fear of future persecution, the agency did not err in denying his applications for asylum and withholding of removal, which shared the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

Finally, we decline to address Wang's allegation that he will be persecuted or tortured for leaving the country without permission, inasmuch as it was not raised before the agency. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) (to preserve a claim for judicial review, petitioners must also raise to the BIA the specific issues they later raise in this Court); *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007) (while not jurisdictional, this judicially imposed exhaustion requirement is mandatory).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk